WATSON, Judge,
concurring:
The disturbing issue in this case is that of negligence; the evidence does not establish an intentional tort. However, Captain Irby was negligent. The jury’s conclusion that he was not is manifestly erroneous. The basically undisputed facts are these: Captain Irby had drawn his .357 magnum pistol; he continued to hold it in his hand after the female suspect had fled; young Loyden had gotten back into his car, but Captain Irby continued to hold the gun as he reached into the vehicle and undertook to grasp the keys; Irby continued holding the gun while Loyden made two or three attempts to place a key in the switch of the automobile; Irby apparently pressed the revolver in a somewhat flat position against Loyden’s chest or neck while grasping for the key; and Irby exerted sufficient pressure on the trigger to activate the double action of the revolver. Failure to holster the gun, at some point, constitutes negligence by Irby. Irby’s actions created an unreasonable risk of harm to Loyden. One who carries and waves a loaded gun must be aware of the danger it presents to others. Compare Randall v. Ridgley, 185 So. 632 (La.App.Orl.1939).
*761 The question then becomes whether Milton Loyden, Jr.’s fault bars recovery for his death. The independent witness, Waverly Hickman, who observed the incident from a nearby vehicle, confirmed Captain Irby’s statement that young Loyden grabbed him by the arm and pulled him into the car. According to Irby, Loyden grabbed him by the left arm; according to Mrs. Hickman, he grabbed him by the right arm. Irby had the pistol in his right hand. Grabbing the arm of a person holding a large revolver in an attempt to pull him forcibly into an automobile can reasonably be said to be careless, substandard and negligent conduct. Loyden’s conduct fell below the standard of care which a reasonable man would use to protect his own safety. Therefore, the jury would have been justified in finding that Captain Irby was negligent but that Milton Loyden, Jr.’s contributory negligence precludes recovery for his death.
On the basis of this analysis of the negligence issue, I respectfully concur in the result.